UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRSHAD DANIEL RAHMAN, D/B/A     CIVIL ACTION
RAHMAN INSURANCE, D/B/A
INSURE FOR LESS, AND D/B/A
BUDGET INSURANCE

VERSUS                          No. 22-2052

ALLSTATE INSURANCE              SECTION: "J"(2)
COMPANY, ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(b)* **(Rec. Doc. 54)** filed by Plaintiff, Irshad Daniel Rahman, (d/b/a/ Rahman Insurance, d/b/a Insure for Less, and d/b/a Budget Insurance). Defendant, Allstate Insurance Company has opposed this motion (Rec. Doc. 56), and Plaintiff has filed a reply (Rec. Doc. 59). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an alleged breach of contract. Plaintiff alleges that Allstate breached its Exclusive Agent Agreement ("EA Agreement") with Plaintiff when notified him that it was terminating the EA Agreement effective June 30, 2021. Plaintiff alleges that his contract was terminated without just cause, and Allstate improperly transferred Plaintiff's economic interest in his Allstate book of business to local Allstate agent, Tim Buckley. Allstate refused to even consider in good faith,

1

Plaintiff claims, two objectively qualified potential buyers of Plaintiff's book of business.

Plaintiff claims that he also had a non-Allstate book of business which consisted of FAIR and flood policies that he owned. Plaintiff alleges that he was unable to retain his flood book and was forced to sell it for far below market value due to Allstate's actions and misrepresentations. The EA Agreement, Plaintiff claims, permits him to continue to manage and collect commissions on flood policies, even after termination, until the policies come up for renewal. Despite these provisions, Plaintiff alleges that Allstate told him he would not be able to continue to manage his flood policies after termination, and he was forced to sell his flood book for far below market value.

Subsequently, Plaintiff filed suit in the Civil District Court for the Parish of Orleans against Allstate, Brad Heggem, Doug Caminita, and Tim Buckley. Plaintiff, Doug Caminita, and Tim Buckley are all citizens of Louisiana. However, Allstate timely removed the suit to this Court arguing that Caminita and Buckley were improperly joined. Plaintiff sought to remand the suit back to state court contending that Caminita and Buckley were properly joined. However, this Court denied Plaintiff's Motion to Remand. (Rec. Doc. 19). This Court found that Plaintiff's claims against Caminita and Buckley for conversion, unfair trade practices, fraud, tortious interference with a contract, and detrimental reliance were all improperly pleaded because he "[made] no attempt to allege that either Caminita or Buckley acted as anything but agents or employees of Allstate." (Rec. Doc. 19, at 10). Further, this

Court also held that Louisiana law bars Plaintiff's unjust enrichment claims as to both Caminita and Buckley. Id. at 11.

After this Court's denial of the Motion to Remand (Rec. Doc. 19), Plaintiff filed an Amended Complaint (Rec. Doc. 21) which this Court construed as a Motion for Leave to File an Amended and Supplemental Complaint. This proposed Amended Complaint contained additional claims against the non-diverse defendants Doug Caminita and Tim Buckley. Plaintiff also attempted to add an additional non-diverse party: Tim Buckley, Inc., a Louisiana corporation. (Rec. Doc. 21). In response to this Amended Complaint, Allstate filed a Motion to Strike (Rec. Doc. 33) which Tim Buckley and Tim Buckley Inc. adopted as their own. (Rec. Doc. 35). This Court denied Plaintiff's Motion for Leave to File an Amended and Supplemental complaint and granted the Motion to Strike and a Motion to Dismiss (Rec. Doc. 26) filed by Caminita and Heggem. The Court dismissed Caminita, Heggem, Buckley, and Tim Buckley, Inc. from this litigation. (Rec. Doc. 52). Finally, this Court granted in part and denied in part Allstate's Motion to Dismiss. (Rec. Doc. 53). The only remaining claims in this action are Plaintiff's breach of contract claim relating to his termination payments and alleged LUTPA violations and fraud relating to Plaintiff's FAIR plan and flood book of business.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. Rule 54(b) balances two policies: avoiding "piecemeal appeals" and the "danger of hardship or injustice through delay." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Thus, the court should consider "whether the claims under review were separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)). A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel. *PYCA Indus. Inc.*, 91 F.3d at 1421.

## DISCUSSION

There are two prerequisites to certification of a Rule 54(b) judgment. First, the Court must have entirely dealt with one or more claims or parties, and second, there must be no just reason for delay. Plaintiff has requested entry of final judgment as to Allstate, Doug Caminita, Brad Heggem, Tim Buckley, and Tim

4

Buckley, Inc. as to all claims dismissed pursuant to this Court's orders of October 20, 2022 and October 25, 2022. (Rec. Docs. 52, 53). Plaintiff also seeks entry of a final judgment as to the Court's order denying Plaintiff's Motion to Remand (Rec. Doc. 19).

As to the first prerequisite to Rule 54(b), Plaintiff is correct that all claims against Doug Caminita, Brad Heggem, Tim Buckley, and Tim Buckley, Inc. had been dismissed. Therefore, the first requirement is met as to them. However, Plaintiff admits that there are still "some claims remaining against Allstate." (Rec. Doc. 54, at 4.). Plaintiff does not attempt to argue that the claims which have been dismissed as to Allstate are separable from the remaining claims, nor in fact does Plaintiff argue that these claims should be separated for the purpose of final judgment. Therefore, the first prerequisite fails as to Allstate.

As to the second requirement, the Court must now address whether there would be some hardship or injustice which necessitates immediate appeal. Courts should only grant certification of Rule 54(b) final judgments rarely, when an immediate appeal is necessary and there is no reason for delay. They are not meant to be routine. *PYCA Indus. Inc.*, 91 F.3d at 1421. Any hardship that might result from a denial must be balanced with the public policy against piecemeal appeals. *Id.* Plaintiff argues that a final judgment should be entered because

> This Court denied Plaintiff's motion for remand, finding that Doug Caminita and Tim Buckley were improperly joined. (Rec. Doc. 19). Further, this Court denied Plaintiff's Amended Complaint asserting claims against Tim Buckley Inc. (Rec. Doc. 52). On appeal, if these Defendants are ultimately found to have been properly joined, it will

5

> necessitate a remand and retrial of this case at great expense and reuse of judicial resources.

(Rec. Doc. 54, at 4). Plaintiff cites to *D & J Invs. Of Cenla, L.L.C. v. Baker Hughes A G E Co., L.L.C.*, 52 F.4th 187 (5th Cir. 2022). In this case, the Fifth Circuit upheld the district court's Rule 54(b) certification of an order dismissing a party and denying remand. *Id.* at 194. The Court stated that "although remand denials generally are not reviewable on appeal, this Court permits review of a remand denial when the order is (1) coupled with a Rule 12(b)(6)-type dismissal and (2) certified as final under Rule 54(b)." *Id.* However, as Defendants point out, this case merely holds that district courts have the discretion to grant a motion for a final judgment under Rule 54(b) in cases such as this, not that they are required to.

Defendants argue that Plaintiff has not demonstrated that hardship will result without an immediate appeal. Defendant states "Plaintiff's only argument that he will be prejudiced if not granted an immediate appeal is that if the Fifth Circuit determines that all three non-diverse defendants were not improperly joined, it would require remand to state court, where Plaintiff might be able to recover against these non-diverse defendants." (Rec. Doc. 56, at 4). Furthermore, Defendants argue that Plaintiff has not demonstrated that any hardship would outweigh the policy against piecemeal appeals. As Defendants point out, Plaintiff's remaining claims against Allstate are intertwined with many of the dismissed claims. In fact, in his petition, every time Plaintiff mentions his FAIR plan and flood blook of business, Allstate is coupled with an alternative mention of either

Doug Caminita or Brad Heggem.[1] (Rec. Doc. 1-1). Therefore, the Fifth Circuit may have to decide the same issue twice in regard to the claims surrounding the FAIR plan and flood book of business if an immediate appeal is allowed.

Plaintiff's final argument on reply is that an immediate appeal is necessary because of the "conflict" between the Court's decision in this case and *Thomas v. Allstate Ins. Co.*, No. 13-6043, 2014 U.S. Dist. LEXIS 42178 (E.D. La. Mar. 28, 2014). In *Thomas*, the court granted a motion to remand in a case where an insurance agent sued Allstate as well as his former supervisor for fraud. The court found that Duhe, the former supervisor, was not fraudulently joined and that state law might impose liability on him for notifying policyholders that the plaintiff was no longer available to service their flood insurance policies. *Id.* at 11. The mere fact that another court, nearly ten years ago, came to a different conclusion than the Court in this case is not enough to show the type of injustice or hardship necessary to outweigh the policy against piecemeal appeals and the preference against granting Rule 54(b) judgments. Rule 54(b) judgments are meant to be the exception, not the rule, and the Court can find no danger of hardship of the type required to outweigh the policy preferences against such partial final judgments.

---

[1] For example: "Plaintiff was unable to retain his flood book of business or sell it for market value because Allstate, Brad Heggem, and/or Doug Caminita, did not extend his termination date as was discussed." (Rec. Doc. 1-1, at 8).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(b)* **(Rec. Doc. 54)** is **DENIED**.

New Orleans, Louisiana, this 7th day of March, 2023.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　CARL J. BARBIER
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE