UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IRSHAD DANIEL RAHMAN d/b/a RAHMAN INSURANCE d/b/a INSURE FOR LESS and d/b/a BUDGET INSURANCE | * * * | CIVIL ACTION NO. 22-2052 |
| | * | SECTION "J" (2) |
| VERSUS | * | |
| ALLSTATE INSURANCE COMPANY, ET AL. | * * | |

**ORDER AND REASONS**

Pending before me on an expedited basis is Defendant Allstate Insurance Company's Motion for Protective Order. ECF No. 76. Plaintiff timely filed an Opposition Memorandum. ECF No. 80. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Protective Order is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

This case arises from an alleged breach of an exclusive insurance agency contract between Plaintiff Irshad Daniel Rahman and Allstate Insurance Company. ECF No. 1. Plaintiff alleges that he began working for Allstate in 1990, and in June 2000, Allstate converted all employees to independent contractors after which he signed an Exclusive Agent Agreement which was revised on April 1, 2013. *Id.* ¶¶ 6-7 at 2. Plaintiff alleges that this agreement authorized him to sell Allstate insurance policies in exchange for commission and building a book of business. *Id.* ¶ 11 at 3. He further alleges that the express terms of the agreement bestowed upon him an economic interest in the book of business, which included his right to sell the book to an approved buyer or receive a

1

termination payment from Allstate.  *Id*. ¶¶ 13-14 at 3.  Plaintiff alleges that, on March 25, 2021, Allstate terminated the agreement without cause, effective June 30, 2021, and improperly transferred his Allstate book of business to another agent without considering two potential buyers that he presented to Allstate.  *Id*. ¶¶ 18-21 at 4.  He also claims that Allstate's conduct forced him to sell his non-Allstate business for less than fair market value.  *Id*. ¶ 42 at 7.

      Judge Barbier denied plaintiff's motion to remand, finding that plaintiff failed to state a claim against certain individuals and dismissed plaintiff's purported claims against them.  ECF Nos. 19, 52.  In ruling on Allstate's Rule 12(b)(6) motion, as to the breach of contract claim (count 1), Judge Barbier also found that Allstate did not breach the agreement by terminating plaintiff, plaintiff failed to sufficiently plead a claim for unjust enrichment, and failed to state a claim for breach of contract on all bases other than Plaintiff's claim for breach of contract based on failure to timely pay termination payments.  ECF No. 53 at 5-9.  As to the unfair trade practices and fraud claims (counts 3 and 4), Judge Barbier dismissed those claims with regard to the Allstate book of business but did not dismiss same with regard to the non-Allstate (flood and FAIR) policies.  *Id*. at 13-18.  Likewise, Judge Barbier dismissed the claims for conversion (count 2), intentional interference with contract (count 5), detrimental reliance (count 6) and unjust enrichment (count 7).  *Id*. at 9-13, 19-21.  Allstate contends Plaintiff later agreed to voluntarily dismiss the breach of contract claim relating to the failure to timely pay termination payments (ECF No. 76-2), but the record does not reflect any such dismissal.

      On September 22, 2023, Plaintiff issued a Rule 30(b)(6) deposition notice directed to Allstate, identifying 31 areas of inquiry and requesting production of documents relating to each.  ECF No. 76-1.  The deposition was set for October 11, 2023.  *Id.*  Allstate now seeks a protective order (1) precluding plaintiff from conducting discovery on topic nos. 1, 2, 9, 16, 17, 18, 19, 23,

24 and 30) on the basis that those relate to dismissed claims; (2) limiting the scope of areas of inquiry nos. 3-7, 10-15, 20, 22, 26-27, 29 and 31 to relate only to the claims that were not dismissed; (3) limiting the areas of inquiry nos. 5, 6, and 25 based on burden and proportionality; and (4) striking the request for production as an improper effort to circumvent Rule 34's 30-day response period.  ECF Nos. 76, 76-5.

In Opposition, Plaintiff argues that its discovery all relates to the pending claims because many customers had both Allstate and non-Allstate products and he contends it is necessary to determine whether Allstate communicated differently to the Allstate only customers versus those with non-Allstate products, both before and after the termination.  ECF No. 80 at 3-4.  Plaintiff argues that Allstate's internal policies are relevant to proving his fraud and unfair trade practices claims because violation of its internal policies is evidence of motive and intent and topics relating to valuation of the book of business is relevant to damages.  *Id*. at 5.  Plaintiff proposes limiting the responses to topics 5, 6 and 25 to a random sampling of 25 policies that include customers with Allstate-only products as well as non-Allstate products to compare whether Allstate communicated differently to those two groups.  *Id*. at 6.  Finally, plaintiff argues that the document request is no different or broader than the Requests for Production issued on September 8, 2023, and if Allstate responds to same timely, there would be no need to produce any additional documents.  *Id*.

II.   **APPLICABLE LAW**

   A.  **Scope of Discovery**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

3

whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Although the threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage,[1] it is not unlimited.  Further, the role of discovery is to find support for properly pleaded claims, not to find the claims themselves.[2]  "The Committee Comments to [Rule 26] confirm that requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[3]  Discovery directed only to dismissed claims and not any remaining claim is simply not relevant to the litigation nor proportional to the needs of the case.[4]

Moreover, relevance is not the only consideration.  Rather, Rule 26(b) expressly requires that relevant evidence also be proportional to the needs of the case.

### B. Protective Order

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).  The party

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) (citations omitted); *see also Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) ("Federal Rule of Civil Procedure 26(b)(1) makes clear that any discovery must be relevant to a party's claim or defense.").
[3] *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017) (quoting *Waste Mgmt. of La., LLC,* 2017 WL 2271982, at *4 (quoting *Whitney v. Krystal Co.*, No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. Mar. 7, 2012))).
[4] *See Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.); *see also Johnson v. Hope Vill. Apts.*, No. 10-385, 2011 WL 13217330, at *3 (E.D. Tex. Aug. 30, 2011) (noting impropriety of seeking discovery on dismissed claims); *Socol v. Haas*, No. 18-90, 2021 WL 2635847 (W.D. Va. June 25, 2021) (denying discovery directed to dismissed claims but allowing discovery that also related to remaining claims).

seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[5] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[6]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. FED. R. CIV. P. 26(c)(1)(A), (B), (D), (G). "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."[7] The trial court enjoys wide discretion in setting the parameters of a protective order.[8]

C. **Rule 30(b)(6)**

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[9] Rule 30(b)(6) gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[10] Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . . ."[11]

---

[5] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).
[6] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[7] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[8] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[9] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).
[10] *Id.* (quoting *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)) (internal quotations omitted).
[11] *Id.* (citing *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir. 2006)).

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[12] In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[13] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[14]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[15]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[16] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot

---

[12] FED. R. CIV. P. 30(b)(6).
[13] *Id.*
[14] *Brazos River Auth.*, 469 F.3d at 433 (quotations and citations omitted).
[15] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018).
[16] *Id.* (citing Fed. R. Civ. P. 30(b)(6)).

identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[17] Courts have not hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[18] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[19]

### D. The Requests for Production

Rule 30(b)(2) authorizes a Notice of Deposition to include a request for documents under Rule 34. Rule 34(b)(2)(a) of the Federal Rules of Civil Procedure allows a party 30 days from service to respond to requests for the production of documents. Where the requesting party has already served the same Rule 34 requests on a party that it then includes in a Rule 30(b)(6) deposition notice, the party need only respond and produce the documents once. That will generally be in response to the originally served requests for production, particularly where a Rule

---

[17] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. March 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[18] *Lipari*, 2008 WL 4642618, at *6; *see also In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co.*, No. 11-0105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[19] *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp.*, No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding no reasonable person could believe that the corporation could properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense).

30(b)(6) notice must, pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34(b)(2)(A), afford the party deponent at least 30 days in which to respond.[20]

### III. ANALYSIS

Initially, Plaintiff's document requests submitted with the Rule 30(b)(6) deposition notice are untimely. The deposition notice document requests do not allow the required 30 days for response. Accordingly, the document requests are stricken. However, nothing set forth herein relieves Allstate from its obligation to timely respond to the Requests for Production issued on September 8, 2023.

In large part, Plaintiff's deposition topic appears to seek information relating to all claims that he asserted, including those dismissed claims such as breach of contract. As Judge Barbier made clear, the only remaining claims are fraud and unfair trade practices premised on non-Allstate products, which, according to the Complaint, entailed false statements to Plaintiff regarding his ability to continue to manage his flood policies as well as false statements to customers regarding Plaintiff's availability to continue to service non-Allstate products, status as an active agent, and continued business. *See* ECF No. 53 at 15-16. Any effort to conduct discovery regarding facts relating to previously dismissed claims is improper. For that reason, inquiry into topic nos. 1, 2, 16, 17, 18, 19, 23, 24 and 30 are improper as same relate to dismissed claims. To the extent topic 9 includes policies regarding unacceptable sales practices with regard to communications with customers during the transition of a terminated agent, same would be relevant to the fraud and unfair trade practices claims as to the non-Allstate products. To the extent, however, it seeks only information regarding the breach of contract claim premised on unacceptable sales practices, that

---

[20] *See Pauls*, 2016 WL 6397564 at *8 (citing *Gilbert v. E.I. Dupont De Nemours & Co.*, No. 15-988, 2016 WL 3211682, at *3 (D. Conn. June 9, 2016); *Thomas v. WSFM, L.L.C.*, No. 07-1336, 2008 WL 821948, at *1 (E.D. La. Mar. 26, 2008)).

8

discovery is improper and relates to a dismissed claim. Further, allowing the expansive discovery sought by plaintiff into these topics and time periods sought not only fails the relevance test but is also not be proportional to the needs of the case.

Similarly, Allstate seeks to limit discovery on topic nos. 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 20, 22, 26, 27, 29 and 31 to customers with non-Allstate products. ECF Nos. 76-5 at 2; 76-6 at 2-5. A review of these topics indicates that topic nos. 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 26, 27, 29 and 31 seek information far beyond the remaining live claims. Again, Plaintiff has alleged certain fraudulent statements or unfair trade practices after he was given notice of his termination and immediately thereafter. Judge Barbier dismissed any claims relating to the Allstate products-only customers, but allowed Plaintiff to proceed with regard to customers with non-Allstate products. *See* ECF No. 53 at 17. As such, only communications with customers having non-Allstate products are relevant. Further, the relevant time period for that discovery must be restricted to March 25, 2021 (his receipt of termination notice) through September 30, 2021 (90-days post-termination, which would capture any customer transition communications). Topic nos. 8, 20 and 22, however, would encompass communications relevant to the remaining breach of contract for failure to timely pay termination payments (nos. 20 and 22) as well as the fraud and unfair trade practices claims (logs of calls sought in no. 8) and as such is properly the subject of discovery.

Allstate also seeks to limit responses to topic nos. 5, 6 and 25 to a random sample of 25 customers with non-Allstate products rather than the 1,000 policies given the manhours entailed in pulling the necessary information. ECF No. 76-5 at 10-11. Plaintiff is agreeable to a 25-customer random sample, but seeks to include customers with only Allstate products. ECF No. 80 at 6. For the same reasons as previously stated, Plaintiff's argument that he must obtain

discovery of all customers to compare Allstate's communications or treatment of Allstate-only customers versus customers with non-Allstate products seeks information that is not relevant and would be disproportional to the needs of the case. Accordingly, topic nos. 5, 6 and 25 will be limited to a random sample of 25 customers with non-Allstate products.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Allstate's Motion for Protective Order (ECF No. 76) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 10th day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE